IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

2016 FEB 16  ₽ 2: 59

| | | |
|---|---|---|
| **GinA** | * | CIVIL NO. |
| Plaintiff | * | |
| v | * | <u>JURY TRIAL DEMANDED</u> |
| **Leigh Saufley** | * | |
| in her individual and official capacities | * | VERIFIED COMPLAINT |
| as an employee of the Maine Judicial Branch and | * | 42 USC §§ 1981, 1983, 1985(2), 1986 |
| as Chief Justice of Maine Supreme Court | * | |
| **Joseph Jabar** | * | VIOLATION of |
| in his individual and official capacities | * | 28 USC § 1746 |
| as an employee of the Maine Judicial Branch and | * | 1st, 7th and 14th Amendments |
| as Justice of Maine Supreme Court | * | |
| **Robert Mullen** | * | |
| in his individual and official capacities | * | |
| as an employee of the Maine Judicial Branch and | * | |
| as Judge of Kennebec County Superior Court | * | |
| **Michaela Murphy** | * | |
| in her individual and official capacities | * | |
| as an employee of the Maine Judicial Branch and | * | |
| as Judge of Kennebec County Superior Court | * | |
| **Valerie Stanfill** | * | |
| in her individual and official capacities | * | |
| as an employee of the Maine Judicial Branch and | * | |
| as Judge of Augusta/Waterville District Courts | * | |
| Defendants | * | |

GinA brings this civil action for declaratory, monetary, injunctive and equitable relief for Defendants wrongfully acting in complete absence of all jurisdiction while prohibiting GinA from

exercising her federal rights under color of state laws to access state courts, to speak, to not speak, to attend and participate in hearings, to enjoy equal protection of the laws, procedural and substantive due process, to exercise her right to present her cases in a trial by jury of her peers, receive prompt action on motions, and receive reasonable accommodations for her known disabilities, *inter alia*, for the purpose of concealing Defendants' conspiracy as related to their activities about 32 Court Street Augusta and 2528 West River Road Sidney.

## I.   JURISDICTION AND VENUE

GinA claims federal jurisdiction pursuant to 28 USC § 1331, 28 USC § 1343 and Article III § 2 which extends jurisdiction to all civil actions arising under the Constitution, laws or treaties of the United States.

Declaratory and other proper relief is authorized by 28 USC §§ 2201 and 2202.

Venue is proper in the District of Maine under 28 USC § 1391(b).

All Defendants are located and residing in Maine, and all events, actions and omissions giving rise to this claim occurred in Maine.

## II.   STATUTORY AUTHORITY

GinA is authorized to initiate this action under 42 USC §§ 1981 and 1983 to bring suit against any person who violates her federal rights under color of state law or deprives or subjects her to be deprived of her equal federal rights secured by the Constitution. GinA brings this suit for Defendants' violation of 28 USC § 1746 and certain federal rights secured by the 1st, 7th and 14th Amendments of the Constitution under color of state law in their judicial capacities as a judge or justice for State of Maine Judicial Branch, in their *non-judicial* administrative capacities as Maine Judicial Branch employees and in their individual capacities when they were acting in complete absence of all judicial authority.

GinA is authorized to initiate this action under 42 USC §§ 1985(2) and 1986 to bring suit against any person who conspires with any other person to deprive her of federal rights under color of state law and against any person who, having knowledge that any of the wrongs conspired to be done and having the power to prevent or aid in preventing the commission of the wrongful action, neglects or refuses to prevent such act which serves to violate GinA's federal rights as secured by the Constitution and laws.

To the extent Defendants acted with a complete absence of all judicial authority, GinA sues them each in their *non-judicial official* capacities as paid employees for State of Maine Judicial Branch and individual capacities for their wrongful malicious acts during performance of official paid administrative duties which led to the legal and physical acquisition of 32 Court Street Augusta by Maine Judicial Branch and for Defendants' alleged judicial actions in cases related to 2528 West River Road Sidney which directly resulted from Defendants' conspiracy in *AUGDC-SA-14-453*, *AP-14-56*, and *KEN-14-410*.

GinA holds Defendants individually and jointly responsible for all injuries resulting from their wrongful conspiracy by Defendants wrongfully neglecting to prevent or aiding and assisting the prohibitions under color of state laws of GinA's federal rights to speak, to be heard, to present her evidence, to be present at hearings, to lawfully redress her legal grievances in a *de novo* trial by a jury, to enjoy equal protection of the laws and substantive and procedural due process, *inter alia*.

### III.   PARTIES

Plaintiff, GinA, is a natural person now living at 2528 West River Road, Town of Sidney, County of Kennebec, State of Maine. (See *KEN-CV-15-58*, *WATDC-SA-15-271*, *KEN-RE-15-68*)

GinA was formerly a tenant at Unit 1, 32 Court Street, City of Augusta, County of Kennebec, State of Maine from *January 22, 2014 through September 26, 2014* resulting from Defendants' wrongful actions. (See *AUGDC-SA-14-453*, *AP-14-56* and *KEN-14-410*)

Defendant Leigh Saufley is employed by State of Maine Judicial Branch as the Chief Justice of the Maine Supreme Court presiding over cases of the Maine Supreme Judicial Court and Maine Law Court.

Defendant Joseph Jabar is employed by State of Maine Judicial Branch as a Justice presiding over cases of the Maine Supreme Judicial Court and Maine Law Court.

Defendant Robert Mullen is employed by State of Maine Judicial Branch as a judge presiding over cases at Kennebec County Superior Court, 1 Court Street, City of Augusta, County of Kennebec.

Defendant Michaela Murphy is employed by State of Maine Judicial Branch as a judge presiding over cases at Kennebec County Superior Court, 1 Court Street, City of Augusta, County of Kennebec.

Defendant Valerie Stanfill is employed by State of Maine Judicial Branch as a judge who presided over cases at Augusta District Court but who now presides over cases at Waterville District Court, 18 Colby Street, City of Waterville, County of Kennebec.

#### IV.    PRELIMINARY STATEMENT

Defendants have never accused GinA of filing frivolous, malicious or vexatious papers.

The cases referenced in this **Preliminary Statement** are proffered as *publicly recorded prima facie evidence* of Defendants' typical patterns of behavior, habit or policy of wrongfully discriminating against GinA as a disabled unrepresented litigant thus violating GinA's federal rights to have access to state courts, to speak, to be heard, to bring suit, to be a party, to enjoy due process and equal protection, to present her material evidence and witness testimony to a jury of her peers, *inter alia*, when GinA files any lawsuit in a Maine state court for any legal redress of any of her grievances against any party.

Since 2011 Defendants and GinA have been engaged in a very combative legal skirmish resulting from GinA skillfully defending herself from bogus malicious criminal charges starting with *AUGSC-CR-2011-512* and *AUGSC-CR-2011-513*, evolving into six subsequent counts in *AUGSC-CR-2012-286* and *AUGSC-CR-2012-667* which GinA got dismissed in December 2013, with the final seventh count being dismissed on December 18, 2014 by Michaela Murphy.

Defendants wrongfully found in favor of GinA's opposing parties for *AP-13-17* and *KEN-13-514* resulting from the court's and the opposing parties' multiple gross violations of rules of procedure.

In particular, Defendants wrongfully considered a benign administrative medical event which was directly related to her known disability as a prior criminal offense to provide a legal basis to file bogus criminal charges in *AUGSC-CR-2011-512* and *AUGSC-CR-2011-513* which set this entire legal skirmish into motion.

During criminal proceedings for *AUGSC-CR-2012-286* and *AUGSC-CR-2012-667* which resulted from a coerced *nolo contendre'* plea in *AUGSC-CR-2011-512/513*, Michaela Murphy and her agents denied GinA's multiple demands for exculpatory evidence and refused to hear or grant any of GinA's multiple motions to dismiss while forcing GinA to prepare for an

unconstitutional trial by jury even though GinA was not allowed to have most of the exculpatory evidence or witnesses she demanded to present in her defense.

In December 2013 Michaela Murphy wrongfully conspired with the Assistant District Attorney in *AUGSC-CR-2012-286* to coerce GinA to agree to a fraudulent deferred disposition contract by knowingly suppressing exculpatory evidence of the arresting officer's death who filed four of the seven charges.

Michaela Murphy and Leigh Saufley conspired under color of state laws to deprive GinA of a full dismissal of all criminal charges for *AUGSC-CR-2012-286* or *AUGSC-CR-2012-667* resulting directly from Leigh Saufley and Micheala Murphy wrongfully violating rules of civil procedure, evidence and appellate procedure under color of state laws to enforce an invalid deferred disposition contract which Michaela Murphy knowingly coerced GinA into signing in December 2013 as a result of Michaela Murphy ignoring GinA's pending appeal at the time Michaela Murphy coerced GinA's deferred disposition.

***Leigh Saufley officially ruled that Michaela Murphy was absent all jurisdiction*** when Michaela Murphy accepted GinA's deferred disposition in December 2013 because GinA had an appeal pending.

Leigh Saufley wrongfully suspended civil and appellate rules of procedure for the purpose of legalizing Michaela Murphy's corrupt behavior at the time Michaela Murphy knowingly coerced GinA to sign the fraudulent deferred disposition contract while GinA's appeal was pending before Leigh Saufley.

Defendants' biases also resulted from GinA's tenacious lawful attempt to recover her stolen service animal from Humane Society Waterville Area in *AUGSC-CV-2013-226* and *KEN-14-52, inter alia*.

Particularly in *AUGSC-CV-2013-226* and *KEN-14-52*, Michaela Murphy, Leigh Saufley, and Joseph Jabar wrongfully refused to properly apply the legal standard of review for MRCivP 12(b)(6) motions by wrongfully refusing to accept all facts plead in GinA's complaint as true but accepting Humane Society Waterville Area's lawless defenses and nonetheless finding in favor of the Humane Society Waterville Area despite GinA properly filing and defending her complaint.

Defendants set legal precedent with *AUGSC-CV-2013-226* and *KEN-14-52* by wrongfully declaring Humane Society Waterville Area *is not a public agency subject to the Maine FOAA* in conflict with recent precedents from other state and federal courts adjudicating the same legal issues in favor of the FOAA.

During judicial proceedings for cases referenced above, GinA experienced a myriad of times when the District Attorney or the opposing parties' attorneys obviously enjoyed benefits of judicial biases and favorable treatment by Defendants and others which was condoned by their judicial colleagues principally because GinA is a disabled unrepresented litigant who is not a member of the BAR.

The public records of the herein referenced lawsuits provide all necessary evidence of Defendants wrongfully applying civil rules of procedure, rules of evidence, rules of appellate procedure and statutory directives almost always against GinA and in favor of opposing parties.

GinA is not an attorney or paralegal but she acquired strong legal skills by working for more than 20 years as a legal secretary for state government, the state court system, and many Maine attorneys. GinA does not have a college degree nor has she ever attended law school but she was trained by some of Maine's best attorneys and judges and she engages in autonomous informal studies for a legal education.

On September 19, 2013, Tracy Thompson of the Maine Attorney General's Office called GinA in the course of an AG's office investigation into GinA's legal advocacy activities prompted by attorneys, judges and landlords alleging that GinA was practicing law without a license as the Founder of MAINE TENANTS JUSTICE LEAGUE, Inc.

GinA's lawful response to Tracy Thompson's improper request for legal advice quickly terminated all investigations into GinA's legal activities which GinA published in a public YouTube video at this link: https://www.youtube.com/watch?v=wnNg2-Px6Uo

Defendants have wrongfully conspired with other judges, the opposing parties' attorneys, the AG's office and Board of Overseers of the BAR to scapegoat GinA because of her advocacy activities with the MAINE TENANTS JUSTICE LEAGUE, Inc.

The following list represents an **incomplete** itemization of some state court cases which involved a deprivation of one or many of GinA's federal rights to due process, to be heard, to speak, to give evidence *inter alia* by *at least one Defendant and enforced by all other*

*Defendants*, which is proffered as *prima facie evidence* to support GinA's allegations that Defendants have engaged in a continuing conspiracy and a pattern of practice, habit or custom to deprive GinA of due process, her right to speak, to be heard, to enjoy equal protection of the laws, *inter alia*.

GinA alleges *all Defendants acted with a complete absence of all judicial authority in the following cases only*:

- AUGDC-SA-14-453
- KEN-CV-14-176
- AP-14-56
- KEN-14-410

GinA alleges Defendants' judicial authority in the following pending cases is highly questionable because the cases itemized below all manifested as a direct result of Defendants' wrongful orders in *AUGDC-SA-14-453*, *KEN-CV-14-176*, *AP-14-56*, and *KEN-14-410*.

- KEN-CV-15-58
- KEN-CV-15-59
- WATDC-SA-15-271
- KEN-RE-15-68
- KEN-2015-0534 (Estate of Wayne Richard Leach) (*Probate J. Mitchell is not a Defendant*)

It is an irrefutable fact the State of Maine Judicial Branch aggressively targeted land containing Perham Street and 32 Court Street, Augusta from *March 2009 – March 2015* to build a $66M Capital Judicial Center and its parking lots at public taxpayer expense.

GinA's alleges Defendants *were completely absent all judicial authority* in *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* and *KEN-CV-14-176* which is sufficiently proven by an abundance of public records regarding the State of Maine Judicial Branch's procurement of 32 Court Street, Augusta which are held in public records by City of Augusta, Maine Governmental Facilities Authority, Administrative Office of the Courts Maine Judicial Branch, and their private and public agents.

GinA is unaware of Joseph Jabar's judicial authority in her lawsuits but GinA alleges Joseph Jabar played a critical role in causing GinA's injuries insofar as Joseph Jabar publicly

spearheaded selecting the location, design and construction of the Capital Judicial Center and its parking lots. If Joseph Jabar acted in any judicial capacity in *KEN-14-410* he acted absent all judicial authority due to his involvement in procuring land at 32 Court Street for the courthouse parking lot.

On January 22, 2014 Greg Roy defrauded GinA to enter a rental contract for Unit 1, 32 Court St.

On August 11, 2014, Greg Roy initiated fraudulent eviction proceedings for a 30-day notice to quit without any allegations of rent arrearages in *AUGDC-SA-14-453*, *Greg Roy v. Gina Turcotte*.

On August 20, 2014, GinA filed a complaint in *GinA v. Greg Roy*, *KEN-CV-14-176*, for Breach of Contract, Fraudulent Inducement, Fraudulent Concealment, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress demanding a constitutional trial by jury in superior court.

GinA filed *KEN-CV-14-176* in August 2014 with Kennebec County Superior Court because she had a reasonable expectation she would enjoy constitutional due process and equal protection of the law in her pursuit of a final judgment in state superior court.

On August 20, 2014, at the time GinA filed *KEN-CV-14-176* in Kennebec County Superior Court, she did not fully understand the gravity of the conspiracy between Defendants, their agents and Greg Roy regarding the sale and demolition of 32 Court Street to build the Capital Judicial Center parking lot.

Despite having a suspicion of an underlying conspiracy between Defendants and Greg Roy, GinA has diligently, lawfully and properly pursued final judgment in *KEN-CV-14-176* in Maine state courts in her attempt to enjoy due process and equal protection of the laws as guaranteed by the constitution.

## V.    STATEMENT OF THE CASE

1.    Defendants have wrongfully transmuted every lawsuit that GinA is a party to in state court from a legal dispute between GinA and the opposing party into a constitutional clash between GinA and Defendants.

2.    Defendants have wrongfully delayed, hindered, interfered with and prohibited GinA's federal rights under color of state law in violation of the 1st, 7th and 14th Amendments to have

access to the courts, to be treated fairly, to enjoy due process and equal protection of the laws, to speak, to be heard, to present her testimonial witness and material evidence to a jury of her peers, to receive prompt orders on pleadings, and to redress her legal grievances in a state court of constitutional law.

3.      Defendants have wrongfully intimidated, harassed and coerced GinA under color of state law for exercising her federal rights under the 1st, 7th and 14th Amendments to redress her legal grievances.

4.      On August 19, 2014, Valerie Stanfill of Augusta District Court wrongfully entered judgment for Greg Roy in *AUGDC-SA-14-453* under color of state law giving possession of Unit 1, 32 Court Street, Augusta to Greg so he could sell 32 Court Street to Maine Judicial Branch for construction of the Capital Judicial Center parking lots.

5.      Robert Mullen wrongfully dismissed all of GinA's appeals under *AP-14-56* for a *de novo* jury trial under color of state law so Greg Roy could immediately sell 32 Court Street to the Maine Judicial Branch for the Capital Judicial Center parking lots.

6.      On September 24, 2014, Valerie Stanfill wrongfully issued a Writ of Possession for Unit 1, 32 Court Street under color of state law so Greg Roy could immediately sell 32 Court Street to the Maine Judicial Branch for the Capital Judicial Center parking lots.

7.      Defendants wrongfully removed GinA from 32 Court Street on September 26, 2014 under color of state law by wrongful enforcement of an invalid and illegal writ of possession.

8.      Defendants had reason to know issuance of the September 24th Writ of Possession would cause GinA to suffer homelessness, physical and financial damages because GinA clearly told them so.

9.      On October 29, 2014, Greg Roy transferred legal title of 32 Court Street to Maine Governmental Facilities Authority which is recorded in Kennebec County Registry of Deeds, Book 11836 Page 116.

10.     Leigh Saufley and Joseph Jabar wrongfully dismissed GinA's appeals under *KEN-14-410* under color of state law because the wrongful issuance of the writ of possession nullified the necessity for GinA's law court appeal.

11.     Defendants wrongfully denied GinA's rights to due process, to speak, to be heard, *inter alia* under color of state law.

12.      Defendants' wrongful actions under color of state law allowed 32 Court Street to be razed and paved by March 1, 2015.

13.      Defendants' wrongful actions under color of state law allowed the Capital Judicial Center to open on schedule at (32) 1 Court Street, Augusta on March 2, 2015 at a $66M cost to Maine taxpayers.

14.      Defendants' wrongful actions under color of state law have permanently barred GinA from demanding equitable relief in multiple causes of action against Greg Roy for their rental contract at Unit 1, 32 Court Street, Augusta.

15.      Defendants wrongfully used nonpublic information during adjudications under color of state law for *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* or *KEN-CV-14-176* which they obtained through non-judicial acts for Maine Judicial Branch about procurement and demolition of 32 Court Street to build a courthouse parking lot.

16.      Defendants do not have 11th Amendment judicial immunity for non-judicial actions to procure real estate for court parking, relocation of judicial offices, or for planning, design, construction or financial management activities for any administrative court projects for extra public parking.

17.      Defendants acted wrongfully in non-judicial capacities during *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* or *KEN-CV-14-176* during the performance of all pertinent actions leading up to and providing the opportunity for their employer to record legal title to 32 Court Street on October 29, 2014.

18.      Defendants wrongfully failed to issue any judgments under color of state law in GinA's favor in *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* or *KEN-CV-14-176* because those favorable judgments would have absolutely delayed the grand opening of Capital Judicial Center and its parking lot in March 2015.

19.      Defendants wrongfully dismissed GinA's appeals under color of state law in *AUGDC-SA-14-453*, *AP-14-56* and *KEN-14-410* so their employer State of Maine Judicial Branch could quickly benefit from the outcome of their orders.

20.      Defendants obtained nonpublic information about the ultimate death of 32 Court Street from non-judicial proceedings during their secret activities with Greg Roy, Administrative Office of the Courts Maine Judicial Branch, City of Augusta, Maine Governmental Facilities Authority,

and private and public agents who worked in conjunction with the Capital Judicial Center and parking lot construction project.

21.     Defendants wrongfully engaged in *non-judicial actions disguised as judicial authority* under color of state law to forcibly evict GinA from 32 Court Street so the Maine Judicial Branch could use the property for public business.

22.     Defendants wrongfully failed to transfer *AUGDC-SA-14-453* and *KEN-CV-14-176 sua sponte* to federal court for lack of jurisdiction because they knew, or had reason to know, that a constitutional trial and proper federal proceeding would effectively delay the grand opening of the Capital Judicial Center.

23.     Defendants wrongfully failed to transfer *AUGDC-SA-14-453* and *KEN-CV-14-176 sua sponte* to federal district court because Defendants knew, or had reason to know, those federal proceedings would have cost the Maine Judicial Branch and its agents significant time, resources and money while waiting for GinA to exercise her constitutionally secured federal rights to enjoy due process and a trial by jury in all causes of action which affect GinA's federal property and civil rights, *inter alia*.

24.     Defendants wrongfully failed to recuse themselves under color of state law despite publicly targeting 32 Court Street for construction of a Capital Judicial Center.

25.     Defendants wrongfully used extrajudicial information about 32 Court Street in *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* and *KEN-CV-14-176* which they acquired through their paid non-judicial activities.

26.     Valerie Stanfill denied having any knowledge about a sign posted on the Augusta District Court clerk's office wall on August 20, 2014 which said, "**NEW COURTHOUSE, JANUARY 2015**".

27.     Defendants wrongfully used "*extrajudicial*" information about 32 Court Street during adjudication under color of state law of *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* and *KEN-CV-14-176* which they received as early as 2009.

28.     Defendants wrongfully presided over *AUGDC-SA-14-453*, *AP-14-56* and *KEN-14-410* under color of state law despite knowing they were *absent all jurisdiction* because Defendants knowingly used knowledge they obtained from non-judicial activities that assisted the Maine Judicial Branch to directly and ultimately benefit from those *non-judicial* acts to give Greg Roy

legal possession of 32 Court Street so Greg could immediately sell the land to State of Maine Judicial Branch for the purposes stated herein.

29.     Defendants wrongfully presided over *AUGDC-SA-14-453*, *AP-14-56* and *KEN-14-410* under color of state law by relying on nonpublic information about 32 Court Street they acquired from *secret non-judicial events* in making their final judgments for the herein-referenced cases for the benefit of their employer.

30.     Defendants wrongfully presided over *AUGDC-SA-14-453*, *AP-14-56* and *KEN-14-410* under color of state law because they knew their *paid duty to the State of Maine Judicial Branch* required their unyielding commitment to on-budget construction and timely March 2015 grand opening of the Capital Judicial Center and parking lot.

31.     Defendants wrongfully presided over *AUGDC-SA-14-453*, *AP-14-56* and *KEN-14-410* under color of state law despite engaging in paid duties for their Maine Judicial Branch employer to construct the Capital Judicial Center and its parking lots which fatally biased their ability to be fair and impartial involving GinA's property, due process rights and legal and financial interests at 32 Court Street.

32.     Defendants wrongfully failed to take the only judicial action available to them in *AUGDC-SA-14-453* *AP-14-56* and *KEN-14-410* by failing to transfer the cases *sua sponte* to United States District Court for the District of Maine pursuant to 28 USC §§ 144, 455 and 1631.

33.     Defendants wrongfully committed gross judicial prejudice against GinA by repeatedly telling GinA under color of state law that she is required to follow all rules of procedure and will not be given any special treatment by the court because she is an unrepresented litigant but Defendants commit the opposite prejudice by ordering Greg Roy's and his attorney's laughable legal papers despite those pleadings clearly having critical legal deficiencies such as missing certificates of service, law memoranda, affidavits, and answers.

34.     Michaela Murphy wrongfully showed Matthew Morgan favorable treatment under color of state law by accepting his last-minute appearance in *KEN-CV-14-176* on August 7, 2015 despite Greg Roy knowingly and intentionally proceeding without legal counsel until Greg Roy was facing a default judgment on August 18, 2015.

35.     Michaela Murphy's wrongful actions under color of state law allowed Matthew Morgan to enter his legal appearance in *KEN-CV-14-176*.

36.     Michaela Murphy's wrongful favoritism toward Matthew Morgan under color of state law allowed him to file vexatious and lawless motions which have further delayed and exacerbated proceedings for *KEN-CV-14-176*.

37.     Michaela Murphy wrongfully granted Matthew Morgan's inept motions under color of state law in *KEN-CV-14-176* despite his motions lacking any law memoranda, affidavits or supporting references to the record.

38.     Defendants wrongfully refuse to issue favorable judgments under color of state law on GinA's many precise motions.

39.     Michaela Murphy wrongfully refused to issue any orders under color of state law against Greg Roy in *KEN-CV-14-176* from January 2015 through January 18, 2016 without expressing any statutory or procedural bases at all.

40.     Michaela Murphy wrongfully refused to schedule hearings in *KEN-CV-14-176* under color of state law from August 2014 through August 2015 despite GinA's constant demands for hearings, oral arguments and court action.

41.     Defendants never reject GinA's meticulous pleadings, except affidavits which lack a notary seal in violation of 28 USC § 1746.

42.     In February 2015 Micheala Murphy wrongfully rejected GinA's *Unnotarized Affidavits signed Pursuant to 28 USC § 1746* under color of state law which was filed expressly due to GinA's disability which prevents GinA from having easy access to a notary public due to her physical isolation and lack of transportation.

43.     On November 23, 2015, Defendants Michaela Murphy, Valerie Stanfill and their clerical agents wrongfully conspired to interfere with *WATDC-SA-15-271* and *KEN-CV-14-176*, under color of state law by intentionally and maliciously scheduling two lengthy hearings **only three hours apart** on December 9, 2015 which were being held in different courts in different towns at least 20 miles apart.

44.     On December 9, 2015, *between 8:00 – 10:00AM*, Valerie Stanfill and Michaela Murphy conspired to wrongfully prevent GinA from personally appearing or from being heard at 11:30am on December 9th in Kennebec County Superior Court at a previously scheduled motion hearing for *KEN-CV-14-176* by forcing GinA to participate in a fraudulent eviction bench trial for *WATDC-SA-15-271*.

45.     Michaela Murphy's and Valerie Stanfill's wrongful conspiracy under color of state law prevented GinA from exercising her federal rights under the 1st Amendment to assemble with some of Maine's best lawyers during the presentation of their public oral arguments on December 9, 2015 at 11:30AM.

46.     Michaela Murphy's and Valerie Stanfill's wrongful conspiracy under color of state law on December 9th allowed Greg Roy's attorney to give *ex parte'* oral arguments in *KEN-CV-14-176* opposing all of GinA's pending motions.

47.     On December 9, *between 12:00 – 4:00PM* in *KEN-CV-14-176*, Michaela Murphy wrongfully issued a Procedural Order under color of state law denying all future oral arguments from GinA before the court entered final judgment.

48.     Michaela Murphy wrongfully denied GinA's demand to receive oral arguments in *KEN-CV-14-176* under color of state law.

49.     Michaela Murphy wrongfully violated GinA's right to appear in court *at all times in KEN-CV-14-176 since August 20, 2014* under color of state law.

50.     Michaela Murphy wrongfully entered orders under color of state law in *KEN-CV-14-176 based on ex parte' communiqué*.

51.     Michaela Murphy wrongfully denied GinA's Motion to Docket Unnotarized Affidavits under color of state law on January 18, 2016 claiming GinA's motion was moot as a result of other orders of that day.

52.     Michaela Murphy wrongfully granted Greg Roy's inept motions in *KEN-CV-14-176* under color of state law on January 18 which were only able to be filed by his attorney because Michaela Murphy wrongfully hindered all proceedings ab initio which directly gave Greg Roy the opportunity to hire an attorney in August 2015.

53.     On December 9, 2015 at 8:30AM in *WATDC-SA-15-271*, *David Brennan v. Gina Turcotte*, Valerie Stanfill entered a wrongful judgment of eviction under color of state law against GinA for possession of 2528 West River Road, Sidney despite receiving sworn testimony from David Brennan that he and GinA *did not have a rental contract at any time*.

54.     Valerie Stanfill wrongfully ordered an eviction judgment in *WATDC-SA-15-271* under color of state law for David Brennan on December 9th despite David admitting during his sworn

testimony that *GinA did not agree to rent the property* at 2528 West River Road, Sidney at any time or for any price.

55.     Valerie Stanfill wrongfully ordered an eviction judgment in *WATDC-SA-15-271* under color of state law for David Brennan despite David Brennan admitting during his sworn testimony that GinA and her housemate (Estate of) Wayne Richard Leach took possession of 2528 West River Road, Sidney on November 11, 2014 *for the sole purpose of buying it*. (*See KEN-CV-15-58*, *KEN-CV-15-59*, *KEN-RE-15-68* and *KEN-2015-0534* for supporting evidence)

56.     Valerie Stanfill wrongfully refused under color of state law to give GinA proper time to proffer evidence and witnesses for the bench trial in *WATDC-SA-15-271* in support of GinA's claim to title of 2528 West River Road Sidney.

57.     Valerie Stanfill, Michaela Murphy and Robert Mullen wrongfully refuse under color of state law to take any action in *WATDC-SA-15-271* on GinA's Notice of Appeal for a jury trial de novo in superior court and GinA's Motion for Stay of Writ of Possession both of which GinA filed on ***December 11, 2015***.

58.     Michaela Murphy, Robert Mullen and Valerie Stanfill have wrongfully conspired under color of state law to prohibit GinA from having a favorable final judgment in *KEN-CV-14-176*, *WATDC-SA-15-271* and *KEN-CV-15-58*.

59.     Defendants wrongfully refuse under color of state law to properly apply statutes, laws and court rules to GinA's cases.

60.     Defendants' actions prohibit GinA from having a legal remedy in the Maine court system.

61.     Defendants' wrongful actions under color of state law directly caused GinA's injuries as stated herein and were set into motion by Defendants and their employer State of Maine Judicial Branch.

62.     Defendants' wrongful actions, individual and collectively, under color of state law deprived GinA of numerous federal rights under color of state laws in *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* , *KEN-CV-14-176*  and *WATDC-SA-15-271* without any lawful resolution in the foreseeable future without the federal court's intervention.

## COUNT I

### 28 USC § 1746

63.    GinA re-alleges and incorporates by reference the allegations set forth above.

64.    During proceedings for *AUGDC-SA-14-453* and *KEN-CV-14-176* Michaela Murphy and Valerie Stanfill wrongfully refused to docket GinA's unnotarized affidavits under color of state laws which GinA signed under penalties of perjury pursuant to 28 USC § 1746 which allows, *"Wherever, under any law of the United States ..., any matter is required or permitted to be supported, evidenced, established, or proved by the sworn ... affidavit, in writing of the person making the same ... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".*

65.    Valerie Stanfill and Michaela Murphy wrongfully denying GinA's Unnotarized Affidavits under color of state laws directly prevented GinA from speaking to the court, from being heard, from giving testimony or evidence, from enjoying equal protection of laws and reasonable accommodations for her known disabilities, *inter alia*.

66.    On January 18, 2016, Michaela Murphy wrongfully denied GinA's Motion to Docket Unnotarized Affidavits pursuant to 28 USC § 1746 under color of state law saying GinA's affidavit was moot as a result of other wrongful orders Michaela Murphy wrongfully issued under color of state laws on that same day.

67.    Leigh Saufley, Joseph Jabar and Robert Mullen have wrongfully aided and assisted or neglected to prevent Michaela Murphy's and Valerie Stanfill's violation of 28 USC § 1746 under color of state laws during the adjudication of *AUGDC-SA-14-453* and *KEN-CV-14-176*.

68.    Defendants wrongfully violated GinA's rights under color of state laws as secured by the 1st Amendment by rejecting GinA's unnotarized affidavits under color of state laws although the affidavits substantially complied with federal requirements under 28 USC § 1746.

## COUNT II

### 42 USC § 1981

69. GinA re-alleges and incorporates by reference the allegations set forth above.

70. GinA alleges Defendants wrongfully and underhandedly acted as Greg Roy's secret legal agent and advisor during court proceedings for *AUGDC-SA-14-453*, *KEN-CV-14-176*, *AP-14-56*, and *KEN-14-410*.

71. Court records prove Defendants wrongfully showed Greg Roy prejudicial treatment as a *pro se* litigant under color of state laws by refusing to enter a proper default judgment required by law in GinA's favor despite Greg Roy's multiple rule violations and defaults amply evidenced throughout court records.

72. Court records prove Defendants wrongfully showed Greg Roy extreme favorable prejudice by ordering Greg Roy's inept pleadings under color of state laws in *AUGDC-SA-14-453*, *KEN-CV-14-176*, *AP-14-56*, and *KEN-14-410*.

73. Court records prove Defendants wrongfully and habitually granted all of Greg Roy's inept pleadings under color of state laws in furtherance of Defendants' conspiracy with Greg Roy to transfer legal title of 32 Court Street to the Maine Governmental Facilities Authority on October 29, 2014.

74. On August 17, 2015 Michaela Murphy granted Greg Roy's attorney's motion to continue the August 18, 2015 hearing in *KEN-CV-14-176* under color of state laws despite the motion having no legal basis.

75. Michaela Murphy wrongfully denied GinA's August 18th objections to Michaela Murphy's order of continuance of the August 18th motion hearing which directly resulted from Michaela Murphy having *ex parte'* communications with Matthew Morgan, Esq. between August 4 – 17, 2015.

76. Michaela Murphy wrongfully ordered Greg Roy's motion for continuance which directly resulted from Greg Roy's attorney having *ex parte'* contact with Michaela Murphy by knowingly and intentionally sending GinA's copy of the motion to continue to a non-existent postal address which directly prevented GinA from having any opportunity to oppose the motion before it was granted *ex parte'* on August 17th.

77. Michaela Murphy wrongfully granted Greg Roy's motion to continue without any hearings at all.

78. Court records prove Defendants always require GinA to strictly adhere to all rules of procedure, rules of evidence, and rules of appellate procedure without any exceptions.

79. Court records prove Defendants have wrongfully violated GinA's human and civil rights to have access to the courts and enjoy equal rights and protections of the laws *inter alia*.

80. Court records prove Defendants have wrongfully held GinA to higher legal standards than they hold licensed practicing BAR attorneys.

81. Court records prove Valerie Stanfill wrongfully advised Tavis Hasenfus, Esq. about how to present his client's case during the fraudulent eviction trial at 8:30AM on December 9, 2015 for *WATDC-SA-15-271*.

82. Court records prove Valerie Stanfill wrongfully entered a judgment of eviction in *WATDC-SA-15-271* against GinA after recording several pieces of material evidence and Plaintiff's own testimony that he lacked legal standing to bring the eviction action because GinA bought the property.

83. Court records prove Defendants have wrongfully behaved in prejudicial, improper and malicious ways toward GinA in every state court lawsuit in which GinA has ever been or is now currently involved.

84. Defendants wrongfully and habitually discriminate against GinA because she is a disabled unrepresented litigant who has a federal right to file civil lawsuits without any payment of court fees.

85. Defendants wrongfully and habitually discriminate against GinA because she is adequately skilled to present and defend her own lawsuits without the assistance of a licensed attorney.

86. Defendants wrongfully and habitually discriminate against GinA by expecting GinA's personal legal performance to exceed all legal standards applied to judges and licensed BAR attorneys.

87. Defendants wrongfully violated GinA's federal rights to enforce GinA's rental contract for Unit 1 at 32 Court Street, Augusta under color of state law by preventing GinA from being heard and to speak.

88.   Defendants wrongfully violated GinA's federal rights under color of state law to be a party to a lawsuit and to sue for legal redress of her grievances.

89.   Defendants wrongfully violated GinA's federal rights under color of state law to give evidence in her civil and criminal lawsuits as referenced herein.

90.   Defendants wrongfully violated GinA's federal rights under color of state law to enjoy the full and equal benefit of all laws and court proceedings for the security of GinA's person and property.

91.   Defendants wrongfully violated GinA's federal rights under color of state law to receive a trial by a jury of her peers as enjoyed by citizens of the other states in violation of the 7th and 14th Amendments.

92.   Defendants wrongfully violated GinA's federal rights under color of state laws by prohibiting GinA from filing unnotarized affidavits which substantially comply with 28 USC § 1746.

93.   Defendants wrongfully violated GinA's federal rights under color of state laws by prohibiting GinA from receiving reasonable accommodations for her disabilities by rejecting her unnotarized affidavits.

## COUNT III

## 42 USC § 1983

94.   GinA re-alleges and incorporates by reference the allegations set forth above.

95.   Defendants subjected or caused GinA to be subjected to deprivation of her rights, privileges and immunities secured by the federal constitution and laws under color of state law, rules of civil procedure and court custom during adjudications of each and every lawsuit referenced herein and itemized at the beginning and throughout this complaint.

96.   GinA affirms declaratory relief is not available in Maine state courts because Defendant Leigh Saufley has control over promulgation, compliance, interpretation and enforcement of all Maine state rules, laws, ordinances, and customs.

97.   GinA affirms declaratory relief is not available in Maine state courts because Defendant Leigh Saufley has judicial power to override all judicial rulings made by all named and unnamed Defendants.

## COUNT IV

### 42 USC § 1985(2)

98. GinA re-alleges and incorporates by reference the allegations set forth above.

99. Defendants wrongfully conspired to deter GinA by force, intimidation and threat of force (by a default eviction judgment/writ of possession) under color of state laws from testifying and attending court hearings in *AP-14-56*, *KEN-CV-14-176*, *KEN-14-410*, and *WATDC-SA-15-271* to freely, fully and truthfully give testimony in her defense and pursuit of her legal and equitable remedies.

100. Valerie Stanfill and Michaela Murphy wrongfully conspired on November 23, 2015 by force, intimidation and threat of force (by a default eviction judgment/writ of possession) under color of state laws to schedule GinA to appear in two different cities on the same day within 3 hours of each other and at least 20 miles apart while being forced to participate in a lengthy and fraudulent eviction bench trial at 8:30am without being allowed to properly serve any subpoenas for any material evidence or witnesses in her defense.

101. Valerie Stanfill and Michaela Murphy wrongfully conspired to coerce GinA by force, intimidation and threat of force (by a default eviction judgment/writ of possession) under color of state laws on December 9, 2015 to participate in a duplicitous eviction trial at 8:30AM in *WATDC-SA-15-271* for the purpose of preventing GinA from attending her previously scheduled motion hearing in Augusta for *KEN-CV-14-176* at 11:30AM.

102. Defendants Michaela Murphy and Valerie Stanfill wrongfully conspired under color of state laws to obstruct the due course of justice on December 9 in both *WATDC-SA-15-271* and *KEN-CV-14-176* for the purpose of prohibiting GinA from assembling with and learning expert legal strategies from highly-esteemed licensed lawyers at 11:30AM in Kennebec County Superior Court.

103. Defendants Michaela Murphy and Valerie Stanfill wrongfully conspired under color of state laws to obstruct the due course of justice on December 9 in *KEN-CV-14-176* for the purpose of prohibiting GinA from giving oral arguments about facts surrounding Defendants' conspiracy with Greg Roy which built the merits for *KEN-CV-14-176* and for which the Defendants know they have no affirmative or legal defense.

104.    Defendants Michaela Murphy and Valerie Stanfill wrongfully conspired under color of state laws to obstruct the due course of justice by wrongfully failing to transfer *AUGDC-SA-14-453* and *KEN-CV-14-176* to federal district court for having a significant conflict of interest causing their want for jurisdiction.

105.    Defendants wrongfully conspired with each other for the sole purpose of impeding, hindering, obstructing and defeating in every manner thinkable the due course of justice in all herein referenced cases for the purpose of injuring GinA's liberty, person and property in retaliation for her attempt to lawfully enforce her federal rights to redress her legal grievances as secured by the constitution.

## COUNT V

## 42 USC § 1986

106.    GinA re-alleges and incorporates by reference the allegations set forth above.

107.    Defendants had knowledge that the wrongs they conspired to do herein and having the power to prevent or aid in preventing the commission of such unlawful acts or neglected or refused to prevent those wrongful acts despite Defendants' ability to prevent such wrongful acts did in fact cause severe, permanent and irreparable injuries to GinA's person, property, reputation, health, safety and welfare.

108.    Defendants knew their wrongful conspiracy to perform in an alleged judicial capacity under color of state laws wrongfully prohibited GinA from exercising her federal rights in state courts during adjudication of the herein stated cases related to 32 Court Street Augusta and 2528 West River Road Sidney to have access to the courts, to speak, to be heard, to not speak, to present material evidence and witness testimony, to not be forced to attend fraudulent trials, to have hearings scheduled promptly, to attend hearings, to enjoy due process and equal protection of the laws, to present her grievances to a jury of her peers in a constitutional trial in superior court, to receive reasonable accommodations for her known physical disabilities, to not be held to a higher legal standard than licensed BAR attorneys, and to not be scapegoated as an unrepresented disabled litigant who knows how to successfully legally defend herself.

### DEMAND FOR RELIEF

109.   As a result of the herein described constitutional and federal violations committed in complete absence of Defendants' 11th Amendment immunities, GinA demands the following relief:

> **A.** Declaratory and injunctive relief forever barring Defendants from maliciously issuing wrongful rulings against GinA in cases related to 32 Court Street and 2528 West River Road, *as well as all other state court cases to which GinA becomes a party*.
>
> **B.** Declare and order any and all proper reasonable monetary, equitable and injunctive relief for Defendants' acting in complete absence of all judicial authority in *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* and *KEN-CV-14-176*.
>
> **C.** Transfer or remove *KEN-CV-14-176* to federal district court to remedy Defendants' wrongful bias and docket that case and the progression of its pleadings accordingly.
>
> **D.** Declare if Defendants have, and the extent of, any judicial authority Defendants may have to preside over *KEN-CV-15-58*, *KEN-CV-15-59*, *WATDC-SA-14-271* and *KEN-RE-15-68*.
>
> **E.** Order permanent injunctive relief against Defendants to cease and desist wrongfully scapegoating GinA as a disabled unrepresented litigant.
>
> **F.** Order permanent injunctive relief against Defendants by ordering them to fairly apply all pertinent federal and state rules, laws, statutes, policies and court customs according to laws not repugnant to the constitution in all of GinA's pending state court cases and her future litigation.
>
> **G.** Order all other proper declaratory, injunctive and equitable relief including necessary writs of mandamus for pending state cases which may require this court's oversight.
>
> **H.** Proper compensatory damages for Defendants' actions performed in complete absence of all judicial authority in *AUGDC-SA-14-453*, *AP-14-56*, *KEN-14-410* and *KEN-CV-14-176* and for any actions taken in complete absence of all judicial authority in *KEN-CV-15-58* and *WATDC-SA-15-271*.
>
> **I.** Punitive damages for Defendants' wrongful pattern of intentional malicious behavior as related to 32 Court Street Augusta and 2528 West River Road Sidney in complete

absence of all judicial authority covertly disguised as actions under color of state laws in violation of the constitution and federal laws.

**J.** Actual costs to bring suit.

**K.** All other monetary, declaratory, injunctive and equitable relief this Court finds appropriate.

**L.** If this court finds it necessary, a complete internal investigation of all cases in which GinA has been a party to determine if Defendants have previously engaged in any malicious or prejudicial actions under color of state law while acting in a judicial capacity in GinA's closed cases most of said cases Defendants ruled against GinA.

Due to the public significance of the events cited in this complaint and GinA's need to proceed without legal representation, GinA requests any necessary leave to correct any technical or procedural errors or omissions which may cause this court to dismiss any part of the complaint, in part or whole, *sua sponte*.

Sworn and subscribed to under pains and penalties of perjury on this 11th day of February, 2016.

GinA (fka Gina Turcotte)
2528 West River Road
Sidney, Maine 04330
(207) 209-1767
gina.ecf@gmail.com

## **VERIFICATION**

I, GinA (fka Gina Turcotte), verify that I have read this Verified Complaint and swear the facts stated herein are true based on my own knowledge, experiences, information, and belief.

Executed under pains and penalties of perjury on this day in the town of Sidney, county of Kennebec, state of Maine.

DATE: February 11, 2016

GinA (fka Gina Turcotte)