**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| GinA, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:16-cv-095-NT |
| | ) |
| LEIGH SAUFLEY, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON PENDING MOTIONS AND AFTER
SCREENING PURSUANT TO 42 U.S.C. § 1915 AND *COK* WARNING**

In this action, Plaintiff GinA (*f/k/a* Gina Turcotte) alleges that Defendants Leigh Saufley, Joseph Jabar, Robert Mullen, Michaela Murphy, and Valerie Stanfill, all members of the Maine state judiciary, acted in "complete absence of all jurisdiction" and deprived Plaintiff of federal rights as part of an "ongoing criminal conspiracy" involving housing-related litigation to which Plaintiff has been a party. Amended Complaint at 15, 30, 71 (ECF No. 12). Plaintiff has also filed a motion for the appointment of stand-by counsel (ECF No. 19), and a motion to transfer a matter currently pending in state court (ECF No. 9).

Because Plaintiff is proceeding in this case in forma pauperis, her pleadings are subject to screening prior to service. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's amended complaint, because Plaintiff seeks monetary relief against defendants who are immune from such relief and otherwise requests relief that is unavailable from this Court, Plaintiff's complaint is subject to dismissal without service on Defendants. Accordingly, the Court denies Plaintiff's motion for

appointment of counsel (ECF No. 19), denies Plaintiff's motion to transfer (ECF No. 9), and dismisses Plaintiff's amended complaint.

## PROCEDURAL BACKGROUND

Plaintiff filed her complaint on February 16, 2016, and was granted leave to proceed in forma pauperis on February 17, 2016. On March 2, 2016, Plaintiff filed her motion to transfer, through which motion to transfer she seeks to transfer a state court forcible entry and detainer proceeding (FED) regarding an apartment that previously existed at 32 Court Street in Augusta. On March 22, 2016, Plaintiff filed a motion to amend her complaint in this case, which motion the Court granted. (ECF No. 11.)

## CASE SUMMARY

Plaintiff's action is based on the Defendants' alleged involvement in proceedings related to certain property on which the Capital Judicial Center and its parking facilities were constructed. According to Plaintiff, as part of the construction project, the State of Maine acquired the apartment building in which Plaintiff resided. Before the State acquired the property, Plaintiff resisted efforts to evict her from her tenancy, but her landlord, Gregory Roy, secured Plaintiff's eviction through FED proceedings in state court. Plaintiff asserts that the proceedings in state court were unfair and predetermined because Defendants wanted to ensure that the Capital Judicial Center project was completed on time. Plaintiff also alleges (1) that Defendants' interest in the development of the Capital Judicial Center took precedence over her right to remain at the 32 Court Street address, (2) that

2

Defendants were biased Defendants against her in court proceedings, and (3) that "Defendants and their co-conspirators' thinking was ***not*** about serving low income disabled homeless tenants or about fulfilling their legal duty as state judges who all have a legal duty under [the Fair Housing Act] *inter alia*." Am. Compl. at 73, ¶ 17 (emphasis in original).

Plaintiff characterizes the alleged conduct as "non-judicial." *See e.g.*, Am. Compl. at 15 & ¶ 131.) Plaintiff further alleges that Defendants should have recused from her proceedings, and that they erroneously considered "extrajudicial information" in the course of rendering their judgments, were "absent all jurisdiction," and were "fatally biased" because they considered extrajudicial information. *See e.g.*, Am. Compl. ¶¶ 139, 141, 142, 145.) Plaintiff further asserts that as the result of a long-standing bias against her, Defendants have erroneously and unfairly ruled against her in other matters, including a FED proceeding brought against Plaintiff in connection with a dwelling in Sidney, Maine.[1]

## PLAINTIFF'S CLAIMS

In 13 counts, Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1983, 1985(2), and 1986, and alleges her case involves rights secured by the First Amendment, the Seventh Amendment, and the Fourteenth Amendment. Plaintiff also cites, and asserts claims under, Title II of the ADA, the Fair Housing Act (three counts), and 28 U.S.C. § 1746. In addition to an award of compensatory and punitive damages,

---

[1] Plaintiff alleges that Defendants were biased against her in part because she "skillfully defend[ed] herself from bogus malicious criminal charges" asserted against her in 2011, 2012, and 2013. Complaint at 4, ¶ IV.

Plaintiff requests declaratory and injunctive relief regarding the legitimacy and future course of state proceedings.  She also requests an investigation into all prior state court proceedings in which she has been a party.  Plaintiff would also like this Court to "remov[e] all Defendants from the bench" and "forever bar[] Defendants from holding any government or public office."  Am. Compl. at 96.

## DISCUSSION

### I. Plaintiff's Motion for Appointment of Counsel

Plaintiff has requested the appointment of a "*Stand-by* Attorney."  (ECF No. 17 (emphasis in original).)  Plaintiff seeks the appointment pursuant to the Fair Housing Act, 42 U.S.C. § 3613(b), which provides that "[u]pon application by a person alleging a discriminatory housing practice …, the court may appoint an attorney for such person."  Courts considering such motions generally rely on the legal standard applied to applications for appointment of counsel under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(1).  *See, e.g.*, *Hicks v. Makaha Valley Plantation Homeowners Ass'n*, No. CIV. 1:14-cv-00254, 2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015) (collecting cases).

In this Circuit, a court considering a request for counsel in a Title VII case must weigh three factors: (1) the merits of the plaintiff's case; (2) the efforts by the plaintiff to obtain legal representation; and (3) the plaintiff's financial ability. Any one of these factors may be determinative.  *Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir. 1992).  As explained below, Plaintiff has not alleged an actionable claim

against Defendants. Because Plaintiff's allegations lack merit, her motion for appointment is denied.

## II. Screening Analysis

Under the federal in forma pauperis statute, federal courts are authorized to waive the filing fees ordinarily required to commence a civil action in order to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); 28 U.S.C. § 1915(a). "[H]owever, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing'" cases without merit, resulting in substantial burdens on both the courts and prospective defendants. *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Indeed, in 1996 Congress amended the in forma pauperis statute to authorize[2] district courts to screen and dismiss a case proceeding in forma pauperis not only upon a finding that the case is frivolous or malicious, but also upon a finding that the Plaintiff's allegations fail to state a claim or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104–134, 110 Stat 1321 (April 26, 1996).

### A. *Judicial Immunity*

"Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature

---

[2] In fact, Congress chose mandatory language. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that--**(A)** the allegation of poverty is untrue; or **(B)** the action or appeal--**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.")

5

of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)).

Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Certainly germane to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Id.* at 225. Additionally, judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Therefore, where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, judicial immunity will bar the suit.

Plaintiff in this action alleges that Defendants made erroneous and unfair rulings against her in state court proceedings. Although Plaintiff employs language that is apparently designed to raise an exception to judicial immunity, characterizing Defendants' conduct as either nonjudicial action or judicial action taken in complete absence of all jurisdiction, *see Mireles*, 502 U.S. at 11 – 12 (describing the two exceptions to judicial immunity), the Court is not required to accept Plaintiff's

conclusory allegations. As alleged, Plaintiff principally contends that Defendants harmed her when they ruled against her in state court FED proceedings over which the judges properly exercised jurisdiction.[3] Judicial immunity, therefore, applies to all monetary claims against Defendants premised on adverse rulings in state court. *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (per curiam); *Marcello v. Maine*, 464 F. Supp. 2d 38, 43 (D. Me. 2006).

### B.     *Sovereign Immunity*

To the extent Plaintiff's allegations can be construed to assert a claim based on any Defendant's administrative decisions in connection with the judicial center development project,[4] Plaintiff's claim is barred by sovereign immunity. The Eleventh Amendment[5] prohibits "suit[s] by private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014) (quoting *Edelman v. Jordan*, 415 U.S. 651, 653 (1974)); *see also Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604

---

[3] *See* 14 M.R.S. § 6003 ("The District Court shall have jurisdiction of cases of forcible entry and detainer."); Me. R. Civ. P. 80D(f), (k) (providing for appellate proceedings in the Superior Court and Maine Supreme Judicial Court). Plaintiff appears to suggest that jurisdiction was lost based on a conflict of interest. However, grounds for recusal do not overcome judicial immunity because they do not make a judicial act non-judicial or negate the existence of jurisdiction. *Savoie v. Martin*, 673 F.3d 488, 493 (6th Cir. 2012).

[4] Plaintiff alleges that "[Defendant] Joseph Jabar played a critical role in causing GinA's injuries insofar as Joseph Jabar publicly spearheaded selecting the location, design and construction of the Capital Judicial Center and its parking lots." Am. Compl. at 12.

[5] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." The Supreme Court has construed the Amendment to immunize unconsenting states "from suits brought in federal courts by [their] own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662 – 63 (1974) (collecting cases).

F.3d 658, 662 (1st Cir. 2010). The Eleventh Amendment applies "whether the named defendant is the state itself, or, as here, a state official in her official capacity." *Davidson*, 749 F.3d at 27. Accordingly, Plaintiff's "official capacity" claims for money damages are barred.[6]

### C. The Rooker–Feldman *doctrine*

In substantial part, Plaintiff's amended complaint seeks to challenge state court decisions. As to any concluded matters, the *Rooker–Feldman* doctrine[7] precludes this Court's collateral review of the state court's decisions "even if the state judgment is challenged as unconstitutional." *Wang v. New Hampshire Bd. of Registration in Med.,* 55 F.3d 698, 703 (1st Cir. 1995) (quoting *Schneider v. Colegio de Abogados de P.R.,* 917 F.2d 620, 628 (1st. Cir. 1990)). *See also Coggeshall*, 604 F.3d at 664 (limiting application of the *Rooker–Feldman* doctrine to circumstances in which "the state-court proceedings have ended"). In particular, the Court can discern no basis upon which to exercise jurisdiction over any claim designed to set aside or invalidate Plaintiff's eviction from 32 Court Street.[8]

---

[6] The law recognizes two exceptions to the Eleventh Amendment's grant of immunity, neither of which applies in this case. The Eleventh Amendment would not bar a claim against a state where the state has consented to proceeding in federal court or where Congress has demonstrated a clear intent to abrogate state sovereign immunity with respect to the claim. *Davidson*, 749 F.3d at 27 – 28. Plaintiff has not alleged and the record does not otherwise establish that Maine has consented to be sued in federal court, or that Congress has abrogated Maine's immunity for a claim such as the claim asserted by Plaintiff.

[7] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

[8] The apartment building described as 32 Court Street no longer exists.

### D. Abstention

To the extent Plaintiff requests injunctive relief concerning a state court proceeding that remains pending, and has identified a federal claim that would otherwise permit this Court to exercise jurisdiction, federal policy withholds such relief where the allegations merely invite collateral review of state court decisions. 28 U.S.C. § 2283; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10 – 14 (1987); *Younger v. Harris*, 401 U.S. 37 (1971); *In re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) (citing, inter alia, *Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 255 (1st Cir. 1993)).

### E. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Following *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the First Circuit has instructed:

> To evaluate the sufficiency of a complaint under Rule 8, we first must distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited). We then must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable.

*Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015) (internal quotations and citations omitted). The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se complaints are construed liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

### 1. *Disability Discrimination (Counts I – IV)*

Plaintiff asserts four counts in her amended complaint that draw on federal anti-discrimination law: Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (count I), and the Fair Housing Act (FHA), 42 U.S.C. §§ 3601, 3604(f), 3617 (counts II – IV). These counts are barred by judicial immunity. Additionally, Plaintiff fails to state a claim under any of these provisions because Plaintiff's allegations fail to divulge denial of participation in any service, program, or activity conducted by Defendants, let alone any correlation between the denial of participation and a particular disability (Title II); and because Defendants did not: 1) rent or sell a dwelling to Plaintiff; 2) subject Plaintiff to disadvantageous treatment in relation to the terms, conditions, or privileges associated with her rentals based on her disability or any other protected status; or 3) engage in interference proscribed by federal housing law (FHA).

### 2. *42 U.S.C. § 1983 (Counts V – VIII, X)*

Section 1983 allows a plaintiff to bring a claim for redress against any person acting under color of state law who subjects her or causes her to be subjected to a deprivation of "rights, privileges, or immunities secured by the Constitution," including the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. 42 U.S.C. § 1983.

As explained above, to the extent Plaintiff seeks damages from Defendants based on their performance of judicial functions, the claim is barred by judicial immunity. To the extent Plaintiff seeks injunctive relief against any Defendant based on one or more judicial acts, the claim is expressly barred by 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Adames v. Fagundo*, 198 Fed. App'x 20, 22 (1st Cir. 2006) (per curiam).

To the extent Plaintiff's amended complaint can be construed to assert a "personal capacity" claim against a particular defendant for conduct taken in a non-judicial capacity related to the development of the Capital Judicial Center,[9] Plaintiff's allegations fail to state a claim for deprivation of a constitutional right because the allegations are incapable of supporting a finding that administrative decisions related to the project were motivated by any purpose to discriminate against Plaintiff

---

[9] Plaintiff does not articulate such a claim under count X of her amendment complaint, but the suggestion is found elsewhere in her pleadings.

11

(or any other person) based on speech activity, membership in any protected class, or any other irrational basis. Indeed, Plaintiff's apparent belief that her personal characteristics and history motivated administrative decisions about the location of the parking facilities is frivolous.

### 3. 42 U.S.C. § 1981 (Count IX)

Plaintiff seeks relief under 42 U.S.C. § 1981, which prohibits race-based discrimination. "To state a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts." *Hammond v. Kmart Corp.*, 733 F.3d 360, 362 (1st Cir. 2013). Plaintiff has not alleged that she is a member of a racial minority, but she does assert that she is white. Assuming for the sake of argument that a white person may assert a claim under § 1981 for denial of benefits enjoyed by white citizens,[10] Plaintiff's allegations do not raise any inference of disadvantageous treatment based on race. Indeed, Plaintiff's allegations do not suggest any plausible basis for inferring that her race had anything whatsoever to do with any of the actions or omissions of which she complains.

---

[10] 42 U.S.C. § 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Plaintiff, therefore, has failed to state an actionable section 1981 claim. *Lebron v. Puerto Rico*, 770 F.3d 25, 30 n.7 (1st Cir. 2014).

### 4. 42 U.S.C. §§ 1985, 1986 (Counts XI – XIII)

Title 42 U.S.C. §§ 1985(3) and 1986 prohibit one from conspiring to deprive one or more persons of the equal protection of the laws. The statutes also authorize civil rights actions against the conspirators and persons with knowledge of and power to prevent or aid in preventing such a conspiracy who fail to act. "In order to demonstrate the existence of a conspiracy under § 1985, a plaintiff must prove that the conspiracy was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus," and "that the conspiracy was aimed at interfering with protected rights." *Maymi v. Puerto Rico Ports Auth.*, 515 F.3d 20, 30 (1st Cir. 2008) (internal quotation marks omitted). For the reasons outlined above, Defendants have judicial immunity against these claims. Additionally, Plaintiff has failed to allege facts capable of raising a plausible inference that Defendants conspired to interfere with Plaintiff's protected rights because of animus toward her based on her membership in a protected class. The failure of the § 1985 claim necessarily undermines the § 1986 claim as well. *Id.* at 31.

### 5. Request for relief for third parties

Plaintiff also attempts to assert a claim on behalf of indigent people who lack housing. As a pro se litigant who is not a licensed attorney, Plaintiff cannot maintain an action on behalf of other individuals. *Crippa v. Johnston*, 976 F.2d 724 (1st Cir. 1992); 28 U.S.C. § 1654.

## CONCLUSION

Following review under 28 U.S.C. § 1915(e)(2), Plaintiff's case is hereby **DISMISSED**. Plaintiff's motion for stand-by counsel (ECF No. 19) is **DENIED**. Plaintiff's motion to transfer (ECF No. 9) is **DENIED**.[11]

I now place GinA on **NOTICE** that filing restrictions "may be in the offing." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993). This represents a "cautionary order" of which Cok speaks. *Id*. Groundless and frivolous filings will not be tolerated.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 24th day of May, 2016.

---

[11] The denial of Plaintiff's request to transfer a state court proceeding to incorporate it into this case is based on the determination that this case is subject to summary dismissal.